■ SANDU RAB, Appellant, v. BLANCA COLON, Respondent.— Order, Supreme Court, New York County, entered on January 6, 1971, denying plaintiff's motion for a special preference "with leave to renew the application at Civil Court should plaintiff be advised to transfer the cause to that court", affirmed, without costs and without disbursements. Plaintiff, who was 75 years of age at the time that this personal injury action was placed on the calendar, moved for a general preference, which motion was denied. Thereafter he moved for a special trial preference, based upon his age, pursuant to CPLR 3403 (subd. [a], par. 4). That section provides for a trial preference "in any action upon the application of a party who has reached the age of seventy-five years". The majority of this court cannot agree with plaintiff's contention that he is automatically entitled to a preference because of his age. CPLR 3403 (subd. [a], par. 4) cannot be read in a vacuum. To interpret that subdivision, as plaintiff urges, would make a mockery of our general preference rules and the courts' inherent power to control "the order of their business and to so conduct the same that the rights of all suitors before them may be safeguarded [citing cases]". (*Kriger* v. *Holland Furnace Co.,* 12 A D 2d 44, 46–47.) The adoption of preference rules is a valid and constitutional exercise of the court's discretion, pursuant to its power to control its calendars. (*Plachte* v. *Bancroft, Inc.,* 3 A D 2d 437; *Mercurio* v. *Kesler,* 12 A D 2d 959; *Gottlieb* v. *Kempner,* 14 A D 2d 909.) In *Plachte* v. *Bancroft, Inc. (supra,* p. 438) the court held as follows: "It is ancient and undisputed law that courts have an inherent power over the control of their calendars, and the disposition of business before them, including the order in which disposition will be made of that business. [Citing cases.] Moreover, this power exists independently of statute. [Citing cases.] Indeed, a statute which would impose a mandate upon the court in the otherwise discretionary handling of time of trial is unconstitutional. [Citing cases.] " We are of the opinion that the purpose of CPLR 3403 (subd. [a], par. 4) is not to give a person over 75 a Supreme Court forum for a Civil Court action but, rather, the purpose is to give such a person a prompt trial in the appropriate court. It must be read to apply to cases which are properly on the Supreme Court calendar. Concur — Capozzoli, J. P., McGivern, McNally and Macken, JJ.; Nunez, J., dissents in the following memorandum: I would reverse the order appealed from and grant this 77-year-old plaintiff a trial preference. CPLR 3403 (subd. [a], par. 4) as amended provides for trial preferences "in any action upon the application of a party who has reached the age of seventy-five years." The legislative intent of this 1970 amendment was to give elderly litigants a speedy trial in any court " Once the court is satisfied that the applicant [for preference] is seventy-five years of age, the granting of the preference is mandatory." (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3403.19a.) As a further illustration of such intent Professor David Siegel succinctly states in his Supplementary Practice Commentary (McKinney's Cons. Laws of N. Y., Books 7B, CPLR 3401–5100 [p. 13]): "An amendment in 1970 added paragraph 4 to subdivision (a). Its design is to permit a special preference as a matter of right for the case if ' a party ' of age 75 or more moves for it. Its primary object, of course, is to mandate the preference upon the application of a plaintiff who has reached 75". The majority by its determination in affirming Special Term's denial for a preference under the afore-

said amendment, would declare it to be unconstitutional on the ground that it now deprive this court of its inherent power to control its own calendars, and further renders the same nugatory and meaningless, thereby usurping the law-making power reserved to the Legislature. But in the face of the clear language and the manifest legislative intent, the court may not impose its own judicial gloss on the statute in order to retain control of its calendars. This valid statute should be construed as it reads and as the Legislature intended and not as the majority would have written it had they been the draftsmen. The authority to regulate the practice and procedure in the courts lies principally with the Legislature. The Court of Appeals has unanimously held that it had "no alternative but to accord to the Legislature, and to the CPLR which it enacted, a considerable degree of controlling effect over the powers of the court." (*Cohn* v. *Borchard Affiliations*, 25 N Y 2d 237, 252.) To deny this 77-year-old plaintiff a preference at this stage would in effect be denying him his day in court and would once more give to the courts the power to grant a preference as a matter of discretion, rather than as a matter of right, as was intended by the Legislature when it enacted the amendment to CPLR 3403 (subd. [a]).