■ LANCE SEMPER, an Infant, by His Father and Natural Guardian, LEONARD SEMPER, et al., Respondents, v ELMSFORD TRANSPORTATION CORPORATION et al., Appellants, et al., Defendant. (And a Third-Party Action.) LANCE SEMPER, an Infant, by His Father and Natural Guardian, LEONARD SEMPER, et al., Respondents, v ELMSFORD TRANSPORTATION CORPORATION et al., Appellants, et al., Defendant. (And a Third-Party Action.) — Order, Supreme Court, New York County (Greenfield, J.), entered January 27, 1981, granting plaintiffs' motion for a special preference pursuant to CPLR 3403 (subd [a], par 3) is unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs, and the motion for a special preference is denied on condition that defendants-appellants shall agree that in the event that, within 30 days

after the service of a copy of the order determining this appeal, plaintiffs request a change of venue to the Supreme Court, Westchester County, defendants-appellants shall consent thereto, and without prejudice to an application by plaintiffs in the Supreme Court, Westchester County, for a special preference; and in the event that defendants-appellants fail to comply with such condition, then the order shall be affirmed, without costs. Order, Supreme Court, New York County (Egeth, J.), dated March 25, 1981 stating that defendants' motion to strike the case from the calendar and to change the venue of the trial of the action was withdrawn, is unanimously affirmed, without costs. Plaintiffs and defendants-appellants are residents of Westchester County and the accident involved took place in Westchester County. On its face, therefore, the proper venue of this action was Westchester County. However, the summons in this action named as a defendant Chrysler Corporation, designated New York as the place of trial, and stated the basis of venue as "defendant's principal place of business" giving Chrysler's address in New York County. But the summons was never served on Chrysler; and although the caption continued to carry the name of Chrysler Corporation — Dodge Division, as one of the defendants, no cause of action was even attempted to be alleged in the complaint against Chrysler, nor is Chrysler even mentioned in the body of the complaint. Thus it appears that the sole function of naming Chrysler as a defendant was to import into New York County an action which properly belonged in Westchester County. The rules of the Supreme Court, New York and Bronx Counties (22 NYCRR 660.9 [c]), permit a general preference in personal injury actions "provided the venue of the action was properly laid in the county in which it is pending". Actions improperly brought in New York County (for reasons which we can only guess at) should not be preferred over actions properly brought in New York County. (See *Rab v Colon,* 37 AD2d 813.) On the other hand, plaintiffs should be free to pursue their action in Westchester County and to make a proper application to the Supreme Court in that county. Although defendants moved at Special Term for a change of venue to Westchester County, Special Term stated that the motion was withdrawn. Plaintiffs are entitled to the assurance that if they wish to transfer the action to Westchester County, defendants will present no objections to such a change (now that the special preference has been denied in New York County). Of course we express no opinion as to whether the Supreme Court in Westchester County should grant a special preference to plaintiffs if the action is removed to Westchester County. As to the order of Justice Egeth, dated March 25, 1981, which states that defendants' motion to strike the case from the calendar and for change of venue, etc., is "withdrawn," defendants-appellants say that they did not withdraw the motion. But in the absence of any contradiction in the record, we of course accept the Special Term Justice's statement. If defendants-appellants believe the statement to be mistaken, they should make a motion for correction before the Special Term Justice. In any event, this aspect of the case may become moot in view of our determination on the appeal from the order granting the special preference. Concur — Sullivan, J. P., Carro, Silverman and Bloom, JJ.